UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN DAMOND NORRIS

Plaintiff,

v.

DEPARTMENT OF VETERAN AFFAIRS,

Defendant.

Case No. 2:26-cv-3530-DJC-JDP (PS)

ORDER

Plaintiff Anthony Jama Hall brings this action against the Department of Veteran Affairs. I will dismiss the complaint for failure to state a claim and grant his application to proceed *in forma pauperis*.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint contains one line of allegations: "VA discriminated against me in just about all benefits due someone who is 70% disabled and I'm unable to get medical care causing me to go blind." ECF No. 1 at 5 (cleaned up). Plaintiff states that the cause of action is a violation of his due process rights. *Id.* at 4.

As an initial matter, the threadbare allegations are insufficient to put defendant on notice of any alleged wrongdoing. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Further, it appears that plaintiff is attempting to bring a claim under 42 U.S.C. § 1983, which provides a remedy for a constitutional violation committed by a party acting under color of

state law. *See Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Critically, the complaint does not sufficiently allege that defendant is a state actor—jurisdictional requirement for a § 1983 claim—because the VA is a federal entity. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 915 (C.D. Cal. 2016) (taking judicial notice under Federal Rule of Evidence 201 that defendant Veterans Hospital is part of the United States Department of Veterans Affairs).

Claims seeking damages for constitutional violations committed by federal employees may be construed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Iqbal*, 556 U.S. at 675 ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."). To establish a *Bivens* claim, the allegations must show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. Relief under *Bivens*, however, is available only when federal officials *are personally* liable for the alleged constitutional violation; a *Bivens* claim cannot be maintained against federal agencies or federal agents sued in their official capacities. *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). As such, plaintiff's allegations cannot support a *Bivens* claim because the complaint does not name any individual federal employee as a defendant.

Accordingly, the complaint will be dismissed with leave to amend. Plaintiff may file an amended complaint, but any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE